UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ANTHONY BRIAN MALLGREN,

       Plaintiff,      **MEMORANDUM & ORDER**
                    13-CV-2727 (MKB)
   v.

MARRIOTT INTERNATIONAL, INC.,

       Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  On May 1, 2013, Plaintiff Anthony Brian Mallgren filed the above-captioned *pro se* action against Defendant Marriott International, Inc. alleging false arrest and false imprisonment. The Court grant's Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As set forth below, because Plaintiff has failed to state a claim upon which relief can be granted, the Complaint is dismissed.

**I. Background**

  Plaintiff's lengthy litigation history is recounted in this Court's March 11, 2014 Memorandum and Order in *Mallgren v. American Psychiatric Association, et al.*, No. 13-CV-2211, slip op. (E.D.N.Y. Mar. 11, 2014) (dismissed for failure to state a claim). By Orders dated May 2, 2013 in *Mallgren v. Motion Recruitment Partners Inc., et al.*, No. 13-CV-1054, *Mallgren v. John Doe Corporation*, No. 13-CV-1265, and *Mallgren v. Bloomberg, et al.*, No. 13-CV-1466, Plaintiff was warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court.

According to the instant Complaint, Plaintiff entered the Marquis Marriott located at 1535 Broadway in Manhattan on an unnamed date. (Compl. ¶ 5.) Plaintiff alleges that he "commonly goes into hotels for conventions and meetings" and had attended conferences on the premises before. (*Id.* ¶¶ 1, 7.) On the date in question, after determining that no conferences were being held, Plaintiff "grabbed a couple drinks of water" and prepared to depart. (*Id.* ¶ 8.) At that time Plaintiff "was stopped by a security guard by the name of Kotarski and told that [he] was being arrested for trespassing for being up on the conference room floors." (*Id.* ¶ 9.) Plaintiff states that he was arrested because he "refused to shake the hand of a security guard in front of guests." (*Id.* ¶ 4.) Plaintiff claims that he was arrested by the New York City Police Department, and "paraded through Time[s] Square in hand cuffs, put into jail and held by New York Police Officers." (*Id.* ¶ 16.) Plaintiff complains that he was unable to urinate, and when his possessions were returned to him an unopened bottle of water was missing, and he was told that "it was the employees of the Marquis Marriott" who were responsible, "and the bottle . . . was empty upon the New York Police Officer seeing it." (*Id.* ¶¶ 17–18.) Plaintiff seeks "judgment for the reconciliation of damages as can best be accomplished, such as payment of hospital bills, damages for the intentional or reckless infliction of mental distress and mental anguish, compensation for being falsely imprisoned, funds to correct the defamation of character, specific performance for the Marriott chain of hotels to install proper securing devices or utilize proper signage to discourage intruders, if the establishment is to give no warning to trespassers before having them arrested and punitive damages to discourage other individuals of high regard from being treated and defamed in the same manner." (Compl., "Relief" ¶ 2.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). The court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff Has Failed to State a Claim

Plaintiff's false arrest / imprisonment claim must be dismissed for failure to state a claim against Defendant. Fourth Amendment claims alleging false arrest or false imprisonment may be cognizable under 42 U.S.C. § 1983. To state a claim pursuant to Section 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010)

3

(quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted); *see also Franks v. Laquila Grp. Inc.*, No. 13-CV-980, 2013 WL 790544, at 2 (E.D.N.Y. Mar. 4, 2013) (quoting *American Mfrs. Mut. Ins. Co.*, 526 U.S. at 50); *Elufe v. Lyons*, No. 10-CV-2638, 2010 WL 2606649, at *1 (E.D.N.Y. June 18, 2010) (same). Claims generally must be brought against the individuals personally responsible for the alleged deprivation of constitutional rights, not against the government entities or agencies where those individuals are employed. A Section 1983 plaintiff seeking to recover money damages must establish that the named defendant was personally involved in the wrongdoing or misconduct complained of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).

Plaintiff's Complaint names the Marriott International Inc. as Defendant. Marriott International Inc. is a private entity not ordinarily amenable to suits for damages pursuant to 42 U.S.C. § 1983. Plaintiff has not alleged that the hotel or any of its staff members are state actors, were acting in concert with state actors, or were serving as an instrumentality of the state. *Feacher v. Intercontinental Hotels Grp.*, 563 F. Supp. 2d 389, 400 (N.D.N.Y. 2008) (dismissing § 1983 claims for failure to allege facts from which it could be inferred that defendant hotel and its employees and affiliates were state actors); *see also Steptoe v. City of Syracuse*, No. 09-CV-1132, 2010 WL 5174998, at *7 (N.D.N.Y. Oct. 5, 2010) (finding that where representatives of a hotel requested that the plaintiff be prosecuted for trespass, this did not constitute sufficient joint action between representatives of the hotel, as a private entity, and public police officials to support a finding of liability under section 1983), *report and recommendation adopted*, No. 09-

4

CV-1132, 2010 WL 5185809 (N.D.N.Y. Dec. 15, 2010), *aff'd*, 513 F. App'x 8 (2d Cir. 2013). Plaintiff's Fourth Amendment claim is therefore dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion

For the foregoing reasons, Plaintiff's Complaint is dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court renews its warning to Plaintiff that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: March 12, 2014
       Brooklyn, New York